

**Keefe, Anchors & Gordon**

July 8, 2014

Dade County Clerk's Office
Attn: Correspondence Dept.
73 W. Flagler Street, Suite 137
Miami, FL 33130

    Re:    Document Requests

Dear Clerk:

I would like to request a copy of the Complaint in the following cases:

| Case Number | Case Name | Date of Complaint |
|---|---|---|
| 2014-17398-CA | International Vapor Group In. et al. v. Rothstein | 07/02/14 |

A check made payable to the clerk for $5.00, along with a self-addressed stamped envelope are enclosed.

Should you have any questions, please contact me at (850) 863-1974.

Sincerely,

KEEFE, ANCHORS & GORDON, P.A.

*Mackenzie Baughn*
Mackenzie Baughn,
Florida Registered Paralegal
mbaughn@kaglawfirm.com

Enclosures as stated.

JUL 1 1 2014  Atty copy

850.863.1974
850.863.1591 fax

2113 Lewis Turner Blvd, Ste 100
Fort Walton Beach, FL 32547

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>International Vapor Group, Nicolas Molina</u>
Plaintiff
  vs.
<u>Allan Rothstein</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☒ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☐ Monetary;
- ☐ Non-monetary
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>1</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☐ Yes
- ☒ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Thomas Ronzetti</u>            FL Bar No.: <u>965723</u>
Attorney or party                              (Bar number, if attorney)

<u>Thomas Ronzetti</u>                          <u>07/02/2014</u>
(Type or print name)                            Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

CASE NO.

INTERNATIONAL VAPOR GROUP,
INC. and NICOLAS MOLINA,

       Plaintiff,

v.

ALLAN ROTHSTEIN,

       Defendant.

_____/

## COMPLAINT

Plaintiffs, International Vapor Group, Inc. ("IVG") and Nicolas Molina ("Molina"), hereby sue Defendant Allan Rothstein ("Rothstein") and allege:

### Introduction

1. This is an action against Rothstein, who claims the right to payment of a commission related to the recently announced acquisition of IVG. In reality, Rothstein has no right to any commission or other payment from IVG.

2. Accordingly, by this action, Plaintiffs seek a declaratory judgment.

### PARTIES

3. Plaintiff IVG is a corporation duly organized and existing under the laws of Delaware, which is registered to and conducts business in Florida. IVG's corporate headquarters are located in Miami-Dade County, Florida.

1

4. Plaintiff Molina is a shareholder, director and president of IVG and a resident of Florida.

5. Defendant Rothstein is a resident of New York.

## JURISDICTION AND VENUE

6. Plaintiffs brings this claim for declaratory judgment. The claim at issue involves amounts in excess of $15,000.

7. This Court may exercise in personam jurisdiction over the Defendant because the cause of action alleged herein arises from his actions in this state.

8. Venue is proper in Miami-Dade County, Florida pursuant to Fla. Stat. § 47.011 because the cause of action alleged herein accrued in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

9. IVG was formed in October 2012. IVG is engaged in the business of manufacturing, marketing and distributing electronic cigarettes.

10. On or about January 26, 2013, Defendant entered into a "Finder's Fee Agreement" with IVG, whereby Defendant agreed to make efforts to broker a deal for the sale of IVG, between IVG and potential acquirers.

11. The Finder's Fee Agreement calls for a payment to be made to Defendant at the closing of any transaction that he successfully brokers. The payment is specified as 3% of the purchase price.

12. Defendant is not a licensed broker under Fla. Stat. § 475.

13. In January 2013, Defendant made efforts to broker a sale with Vapor Corp. After initial discussions with representatives of Vapor Corp., no deal was completed and communications between Vapor Corp. and Defendant soon ceased.

14. Shortly thereafter, Defendant abandoned his efforts to broker a sale of IVG.

15. No further discussions or communications between Vapor Corp. and IVG about a possible sale occurred in 2013.

16. In late 2013, IVG began doing business through an affiliate, Vapor Zone, Inc ("Vapor Zone").

17. In January 2014, representatives of Vapor Corp. approached Molina and expressed interest in purchasing Vapor Zone. This began a series of negotiations between Vapor Corp. and IVG that ultimately led to agreement on an asset sale.

18. Vapor Corp.'s interest in IVG and Vapor Zone was completely unrelated to, and in no way caused by, any activity of Defendant.

19. On May 15, 2014, Vapor Corp. announced that it had reached a highly lucrative agreement with IVG on an asset purchase transaction that includes a closing payment of approximately $20.8 million, and an additional earn-out aggregating up to $29.2 million.

20. Defendant played no part in procuring or brokering the agreement between IVG and Vapor Corp. IVG and Vapor Corp. conducted negotiations and completed their agreement independently of Defendant.

21. The agreement between IVG and Vapor Corp., and the negotiations leading to that agreement, occurred long after Defendant had ceased communicating with Vapor Corp. and otherwise abandoned his efforts to broker a deal for IVG.

22. On June 26, 2014, an attorney acting on behalf of Rothstein sent a letter to Molina, IVG and Vapor Corp., claiming the right to payment of a commission related to the asset purchase transaction involving IVG and Vapor Corp. The letter also threatened litigation and

actions to restrain or otherwise interfere with the completion of the asset purchase transaction involving IVG and Vapor Corp.

### COUNT I
### DECLARATORY RELIEF

Plaintiffs reallege and incorporates by reference paragraphs 1 through 21 above.

Defendant claims the right to payment of a commission related to the asset purchase transaction between IVG and Vapor Corp.

Defendant is not entitled to such a commission.

There is a bona fide, actual, present practical need for the declaration.

The dispute between Plaintiffs and Defendant relating to their respective rights and obligations represents an actual controversy, is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy as to justify relief.

The dispute between Plaintiffs and Defendant is not hypothetical, abstract, or academic.

Pursuant to chapter 86, Florida Statutes, Plaintiffs are entitled to declaratory relief from this Court, and further supplemental remedies to receive complete relief, to resolve their dispute with Defendant.

Plaintiffs seek a declaration of the parties' rights, specifically that Defendant has no right to any commission or other payment related to the asset purchase transaction between IVG and Vapor Corp.

### RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment for Plaintiffs and against Defendant:

  (1) declaring that Defendant Rothstein has no right to any commission or other payment related to the asset purchase transaction between IVG and Vapor Corp., and

  (3) granting such other, further relief as the Court deems just and appropriate.

Dated: July 2, 2014       Respectfully submitted,

              KOZYAK TROPIN & THROCKMORTON, LLP
              *Counsel for Plaintiff*
              2525 Ponce de Leon, 9th Floor
              Miami, Florida  33134
              T: 305-372-1800
              F: 305-372-3508

              By: s/ Harley S. Tropin
                Harley S. Tropin, Esq.
                (Florida Bar No. 241253)
                hst@kttlaw.com
                Thomas A. Tucker Ronzetti, Esq.
                (Florida Bar No.  965723)
                tr@kttlaw.com
                Chauncey D. Cole IV, Esq.
                (Florida Bar No. 102184)
                cdc@kttlaw.com